# CIRCUIT COURT OF FAUQUIER COUNTY

Scheer et al.

v.

Commonwealth of Virginia et al.

September 1, 1998

Case No. (Chancery) 98-108

BY JUDGE THOMAS D. HORNE

This case is before the Court on the demurrers filed by the State Water Control Board and the County of Fauquier. Appellants seek judicial review, pursuant to § 62.1-44.29, Code of Virginia, of the action and case decision of the State Water Control Board performing a § 401 certification and issuing of a Virginia Water Protection Permit for construction of a dam on Cedar Run in Fauquier County, Virginia. It is asserted by the State Water Control Board and the County that appellants' right to seek judicial review is barred by the doctrine of sovereign immunity and that the provisions of the Administrative Process Act (Chapter 1.1:1, Title 9, Code of Virginia) do not afford the individual landowners alleged to be affected by the dam an independent judicial review of the actions of the Board in issuing the permit.

In their papers filed in connection with the demurrers, counsel outlined for the Court the background of the instant project and of the relevant permitting process. On demurrer, the Court must accept the facts pleaded as well as all legitimate inferences to be drawn from such facts. Appellants are twelve individuals and the Isaac Walton League. They assert in their petition for appeal that Fauquier County initiated procedures to obtain a Virginia Water Protection Permit in connection with its desire to build a dam for purposes of providing additional water supplies and for flood control. The obtaining of such a permit is a necessary precursor to the required approval of construction by the federal government.

The issuance of Virginia Water Protection Permits in connection with activities requiring § 401 certification is specifically provided for in § 62.1-44.15:5, Code of Virginia. Discharge of dredged or fill material into navigable waters is regulated by the federal government. Permits for such activities are issued by the Secretary of the Army acting through the Chief of Engineers. 33 U.S.C. § 1344. As part of the permitting process, States in which such discharge originates or will originate may either certify compliance with various provisions of the federal Clean Water Act (§ 401 certification) or waive such certification.

In 1989 the General Assembly provided for the issuance of a Virginia Water Protection Permit as the means by which § 401 certifications would be made. § 62.1-44.15:5, Code of Virginia. Compliance with the provisions of that statute was made contingent on the "effective date of regulations adopted by the [State Water Control] Board." *Id.* Those regulations became effective May 20, 1992. 9 VAC 25-210-10.

Prior to the effective date of the regulations governing the issuance of Virginia Water Protection Permits in connection with the certification requirements of § 401 of the Clean Water Act, the State Water Control Board exercised its right to make § 401 certifications pursuant to its general authority:

> [t]o issue certificates for the discharge of sewage, industrial wastes, and other wastes into or adjacent to or the alteration otherwise of the physical, chemical, or biological properties of state water under prescribed conditions and to revoke or amend such certificates.

§ 62.1-44.15(5). *See* 1991 Op. Atty. Gen. Va. 307.

It has been the position of the Attorney General that the General Assembly "did not intend § 62.1-44.15:5 to provide the State Board with any broader authority than it possesse[d] under § 401." *Id.* Although judicial review is afforded "owner[s] aggrieved by, or any person who has participated, in person or by submittal of written comments, in the public comment process related to, a final decision of the Board, under § 62.1-44.15(5) ..." the statute is silent with respect to the judicial review of actions taken in connection with the issuance of a Virginia Water Protection Permit pursuant to § 62.1-44.15:5, Code of Virginia. § 62.1-44.29, Code of Virginia.

It is the contention of the Attorney General and of the County Attorney for Fauquier County that the doctrine of sovereign immunity serves as a bar to a review of the action of the Board in issuing the permit. They suggest that the omission of any reference to the provisions of § 62.1-44.15:5 in § 62.1-44.29 evidences an intent of the General Assembly to preclude judicial review of the

actions of the Water Control Board in the issuance of a Virginia Water Control Permit.

Contrary to the position taken by the Attorney General and the County, the Court finds that the legislature did not intend to preclude the right of judicial review where a Virginia Water Protection Permit has been issued in connection with the certification required under § 401 of the Clean Water Act. It was unnecessary to more closely define the limits of judicial review where the right to review already existed as to all certificates, including those issued pursuant to § 62.1-44.15:5. Had the General Assembly intended to preclude review in § 401 cases, they would have said so.

The Court is guided by the principle of construction that where a statute, such as that relating to judicial review, is susceptible of two constructions, one of which is consistent with the pre-existing right of review, and one of which is in derogation of such right, the court must construe the statute in a way in which to preserve the pre-existing right. *See generally*, 73 Am. Jur. 2d, *Statutes*, §§ 258, 283. Furthermore, in construing the instant statute, the Court believes it should be given a liberal interpretation accorded remedial legislation and that provisions of the statute should be harmonized with the existing practice governing the review of § 401 certifications. *See*, 82 C.J.S., *Statutes*, § 395. This is in accord with the general principle of statutory construction that:

> subsequent legislation is not presumed to effectuate a repeal of existing law in the absence of that expressed intent, unless a consistent body of laws cannot be maintained without the abrogation of a previous law. Only in the latter instance is a repeal of the previous legislation implied.

1983-1984 Op. Atty. Gen. Va. 118 (authorities omitted).

The effect of the recent amendments to § 62.1-44.29, Code of Virginia, have, *inter alia*, served to extend the class of persons entitled to seek judicial review. Individuals entitled to appeal are those persons entitled to review of a case or controversy under Article III of the United States Constitution. This definition has its genesis in the Fourth Circuit's decision in *Commonwealth v. Browner*, 80 F.3d 869 (4th Cir. 1996), cert. denied, 117 S. Ct. 764 (1997).

Although interpretative of the Title V Amendments to the Clean Air Act, 42 U.S.C. §§ 766-7661f, the decision in *Browner* addresses the application of Article III standing to state procedures adopted pursuant to "cooperative federalism." "Cooperative federalism" is a term which is descriptive of a relationship created by Congressional edict in which the states may elect to

participate in programs subject to federal regulatory control. The challenge by the Commonwealth in *Browner* did not relate to the right of judicial review but to the question of who was entitled to such a review. Contrary to the position taken by the Commonwealth, the federal court rejected the Commonwealth's "pecuniary and substantial interest" requirement in favor of the Article III requirements. Those requirements now define the issue of standing.

Logic and the rules of statutory construction dictate that had the legislature intended to limit judicial review of the issuance of Virginia Water Protection Permits, it would have taken the opportunity to do so at a time the statute implicated in the instant case was undergoing such close scrutiny.

Accordingly, the Court finds that the petitioners are, based upon the instant record, entitled to judicial review of the Virginia Water Protection Permit issued in accordance with the provisions of § 62.1-44.15:5 pursuant to §§ 62.1-44.15(5) and 62.1-44.29, Code of Virginia. Having determined that the petitioners are entitled to such relief, the Court need not address the other issues raised by the petitioners with respect to the Administrative Process Act (§ 9-6.14:1 *et seq.*, Code of Virginia).